## FIRST NAT. BANK OF MAUD *et al.* v. JONES.

No. 1483. Opinion Filed March 12, 1912.

Rehearing Denied April 9, 1912.

(122 Pac. 158.)

**AUCTIONS AND AUCTIONEERS**—Breach of Warranty—Evidence. In a case where plaintiff brings action to recover damages for a breach of warranty of title of chattels purchased at an auction sale, and the evidence discloses that the defendants at no time had or claimed either ownership or possession thereof, and there are no facts or circumstances creating an estoppel, a verdict of a jury finding them liable therefor must be set aside as unsupported by the evidence.

(Syllabus by the Court.)

*Error from Superior Court, Pottawatomie County;*
*George C. Abernathy, Judge.*

Action by George W. Jones against the First National Bank of Maud and Omer McKown. Judgment for plaintiff, and de-

fendants bring error. Reversed and remanded, with instructions.

*P. O. Cassidy* and *W. M. Engart,* for plaintiffs in error.

*Blakeney & Maxey,* for defendant in error.

DUNN, J. This case presents error from the superior court of Pottawatomie county. On July 7, 1909, defendant in error, as plaintiff, filed his petition in two counts, in which he alleged that on or about the 10th day of May, 1909, the First National Bank of Maud, through its agent, Omer McKown, took possession of certain chattels belonging to one A. T. Pruitt, on which the said bank held a chattel martgage, and while in possession of the same, sold to the plaintiff one gray horse, and to J. D. Snow one red and white spotted heifer and one mower, all of which were covered by the chattel mortgage; that the defendants' possession and sale implied a warranty of title thereto; that on or about the 10th day of June, 1909, the above-named chattels were taken from the plaintiff and J. D. Snow under a paramount claim and title, to wit, a chattel mortgage executed prior to said sale by A. T. Pruitt, to the Bank of Commerce of Shawnee; that on the 30th day of June, 1909, the said J. D. Snow assigned his claim to the plaintiff, who prays judgment in the sum of $128.75, with interest. To this petition defendants filed a general denial. Upon the issues thus joined, the cause came on for trial before a jury on the 21st day of October, 1909, which returned a verdict for plaintiff in the sum of $122. Motion for new trial was filed and overruled and judgment rendered thereon, from which judgment appeal has been taken to this court.

Among the assignments of error urged is one that the court erred in overruling defendants' motion for a new trial for the reason that the verdict of the jury was not supported by the evidence. The evidence shows, without reasonable grounds for dissent, the chattel mortgages as pleaded were executed and delivered by A. T. Pruitt; that thereafter, for the purpose of disposing of and selling his goods, he had sale bills printed and published in which the property was advertised and the terms

of the sale set forth, signed by "A. T. Pruitt, Owner," with "Omer McKown, Clerk." The property consisted of certain farm stock, implements, household goods, furniture, etc., and was kept at the place where the said Pruitt lived near the town of Maud. They were all at Pruitt's house, in his possession, and he and his wife were present at the sale. Both the plaintiff, Jones, and his assignor, Snow, saw and read, or heard read, the sale bills and knew the contents thereof. Jones paid ·for the horse which he purchased with a check drawn and made payable to Pruitt, and Snow at the time of making settlement at the bank with the cashier, McKown, who had acted as clerk of the sale, said, "I guess all that stuff belonged to Mr. Pruitt," to which McKown answered, "Yes." McKown also testified that he never did anything toward taking possession of the property, that he never either took possession or claimed it either by virtue of the mortgage or by any other means. This testimony was undenied, and there is no claim made by either party that the bank was in possession of the property under the mortgage. Under these circumstances, we are at a loss to understand upon what theory plaintiff can hold either the bank or its cashier, McKown, liable for his damages. The property was advertised and sold by Pruitt on his own premises, at a time when he was personally present, and no representations whatsoever are shown to have been made to either of these purchasers that any one else was the owner than himself, and there is no fact shown in the record upon which any reasonable conclusion could be drawn that the bank or its cashier were either the owners, in possession, or claimed any such rights, nor is there any act shown calculated to mislead these purchasers to create or raise an estoppel against the defendants.

Under these circumstances, the verdict of the jury is lacking for support in the evidence, and the judgment based thereon must be reversed, and the cause remanded, with instructions to grant plaintiffs in error a new trial.

HAYES and KANE, JJ., concur; TURNER, C. J., and WILLIAMS, J., absent, and not participating.